**SO ORDERED.**

**SIGNED this 25 day of August, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

DON BARRY BOSCO and
NANCY BOSCO,

      DEBTORS.

Case No. 09-02715-8-JRL
Chapter 13

_____

**ORDER**

The matters before the court are the order for counsel for the debtors, William T. Batchelor, II, to show cause as to why he should not be held in contempt of court or other sanctions imposed for failure to comply with a court order, and the motion to remove attorney and disgorge fees by the debtors. On August 19, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtors filed for relief under chapter 13 of the Bankruptcy Code on April 1, 2009. The debtors enlisted William T. Batchelor, II to represent them in their case and paid him $4,000.00 prior to filing. Because the amount of the fee was greater than the allowable standard fee under the Local Rules, the court entered an amended order on June 24, 2009 requiring Mr. Batchelor to file an application for higher base fee or reimburse $1,000.00 directly to the debtors

no later than July 6, 2009. On July 13, 2009, the court entered an order to show cause for the failure of Mr. Batchelor to comply with the order entered on June 24, 2009. Subsequently, on August 18, 2009, Mr. Batchelor filed an application for approval of a higher base fee in the amount of $4,000.00.

Local Rule 2016-1 requires a debtor's attorney to file an application for approval whenever the attorney charges a base fee higher than the allowable standard fee of $3,000.00 in a chapter 13 case. In this case, Mr. Batchelor charged the debtors a base fee of $4,000.00. Consequently, the court entered an order requiring Mr. Batchelor to file an application for approval of his base fee or to reimburse the debtors in the amount of $1,000.00 within 10 days of the date of the order. However, Mr. Batchelor failed to file his application until August 18, 2009. Therefore, the court finds that Mr. Batchelor failed to comply with the court's order and must reimburse the debtors in the amount of $1,000.00.

Also before the court is the debtors' motion to remove Mr. Batchelor as their counsel and to disgorge fees. On July 8, 2009, the debtors filed a letter with the court in which they expressed dissatisfaction with the services provided by Mr. Batchelor. In their letter, the debtors described their frustration with Mr. Batchelor's refusal to answer their questions and failure to act professionally. As one example, the debtors requested a meeting with Mr. Batchelor after they learned that their monthly plan payments would be approximately $2,757.00 per month, rather than $900.00 per month as Mr. Batchelor initially indicated. The debtors alleged in their letter that during their meeting Mr. Batchelor yelled at the female debtor as well as his assistant and failed to provide the debtors with an adequate explanation for the increase in payments. Mr. Batchelor charged the debtors $125.00 for this meeting. In another example of allegedly

unprofessional conduct, the debtors requested an explanation from Mr. Batchelor after learning that their monthly obligations would increase to $3,910.00 per month. According to the debtors, Mr. Batchelor promised to provide them with details regarding the increase in payments but failed to do so. Based on these allegations, the debtors request the removal of Mr. Batchelor as their attorney and a refund of their fees.

At hearing, Mr. Batchelor apologized to the debtors for his behavior. Mr. Batchelor explained that he initially estimated the amount of the debtors' plan payments to be approximately $1,000.00 per month. However, Mr. Batchelor established that the trustee required the debtors to account for equity in the debtors' properties based on their tax values rather than the debtors' estimated market values. During the course of representing the debtors, Mr. Batchelor alleged that he explained to them multiple times that their monthly plan payments had increased substantially due to the amount of equity in their properties. In response, the male debtor alleged at hearing that Mr. Batchelor failed to adequately explain why he did not use the tax values of the properties when he initially computed the amount of plan payments. In addition, the male debtor asserted that Mr. Batchelor failed to provide any explanation for the second increase in plan payments from $2,757.00 to $3,910.00.

The court finds that Mr. Batchelor is authorized to withdraw from this case. The court further finds that the application for approval of a higher base fee was filed subsequent to the deadline imposed by the court pursuant to the order entered on June 24, 2009. As a result, the court finds that Mr. Batchelor is required to reimburse the debtors in the amount of $1,000.00. In addition, the court finds that Mr. Batchelor must reimburse the debtors in the additional sum

of $125.00 for fees which Mr. Batchelor failed to disclose to the court.[1]

Based on the foregoing, the order to appear and show cause is DISMISSED. The motion for removal of attorney and for disgorgement of fees is ALLOWED. Mr. Batchelor is required to rebate to the debtors the sum of $1,125.00 within 10 days of the date of this order.

"**END OF DOCUMENT**"

---

[1] Regarding the debtors' concerns that their attorney may have acted improperly by failing to include tax value in his calculation of payments under the plan, the court notes that tax value is not always indicative of the fair market value of real property. The debtors filed their case in the middle of a historically bad real estate market in which the market value of real property has in some cases fallen below the assessed tax value. Additionally, the court recognizes that the amount of equity in the real property of the debtors is critical in ascertaining the amount of monthly plan payments required to be made under a plan because the debtors' plan must pay unsecured creditors at least as much as they would receive in a chapter 7 liquidation in order for the plan to be confirmed.